TERRELL, Justice
(dissenting).
This is a companion case to Kelly v. State ex rel. Leonard (four cases), 92 So.2d 172. The five cases derived from the same environment and are controlled by the same principles of law except this one is even less devoid of substance than the other four if that be possible. In this case appellee was indicted for stealing ten or more window shutters alleged to be the property of Dade County Port Authority. On habeas corpus the court found that said window shutters were purchased by relator in 1947; that they had always been his and “that there was not the slightest evidence showing that relator committed the offense charged against him in the information filed by the county solicitor.” He accordingly released relator from detention and ordered him discharged from custody. The appeal is from the order of discharge.
I think the judgment should be affirmed for the same reasons stated in my dissent in Kelly v. State ex rel. Leonard, 92 So.2d 172. When one is indicted for stealing window shutters and it is shown that they came from his own house, if that is larceny then everything I have been taught about that was beside the mark.
In the dim and distant past when the writer was a country lad in a sparsely settled pioneer community most of the heads of families were ex-Confederate veterans. All of them came home from the war with a pocket full of “chestnuts,” most of which were about on par with the moron stories that came back from the recent World War. I recall one with a specific for curing warts which ran about like this: split a new potato and insert a quarter in the slit, tie a string around it and bury the potato in the southeast corner of the horse lot; if the warts do not drop off before Sunday, resort to the more potent remedy of repairing to the cornfield on the night of the next full moon, take a corncob and rub it on your warts, then toss the corncob over your left shoulder and light out for the house and to bed but don’t look back. The modern dermatologist, consistent disciple of Hippocrates and Aesculapius, would not give this prescription for warts but in my judgment it comes about as near a cure for them as the record before us comes to a charge for larceny.
When the record shows that the shutters alleged to have been stolen belonged to apr pellee, it does seem to me that it would compel judgment in his favor. What jury of reasonable men would convict one for larceny on such a showing? Likewise, what jury would convict men under the circumstances shown in the companion case of Kelly v. State ex rel. Leonard. I would affirm the judgment for the reasons stated here and in my dissent in Kelly v. State ex rel. Leonard, supra.
I therefore dissent.
HOBSON and ROBERTS, JJ., concur.